IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD ROGER BURR | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1539-D |
| | § | |
| BILL HILL, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Plaintiff Donald Roger Burr, an inmate in the Dallas County Jail, against various prosecutors, jail officials, law enforcement officers, and private attorneys. On August 3, 2005, plaintiff filed a *pro se* complaint and an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Although plaintiff responded to the interrogatories, his answers were inconclusive. On September 16, 2005, the magistrate judge held a *Spears*[1] hearing to investigate the factual basis of the complaint in more

---

[1] *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985).

detail. Plaintiff appeared at the hearing and testified under oath regarding the allegations made in his complaint. The magistrate judge now determines that plaintiff should be allowed to prosecute his excessive force claim against Grand Prairie Detention Officers McDonald, Rodriguez, and Woodside. All other claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

In February 1998, plaintiff was indicted by a Tarrant County grand jury for aggravated sexual assault of a child. After numerous unsuccessful pretrial challenges to his indictment and prosecution, plaintiff pled guilty to the charge and was sentenced to five years confinement. Upon his release from prison in November 2003, plaintiff was required to notify local law enforcement authorities of his numeric or physical street address and comply with the other sex offender registration requirements of the former Tex. Code Crim. Proc. Ann. art. 62.01, *et seq.* After receiving this information, law enforcement must publish the offender's address "in the newspaper of greatest paid circulation in the county in which the person subject to registration intends to reside[.]" Tex. Code Crim. Proc. Ann. art. 62.03(e) & (f).[2] Plaintiff told the Grand Prairie police department that his sister was willing to let him live with her, but she feared that publication of her address would endanger her family and subject her to eviction. As permitted by Texas law, plaintiff sought an injunction to prevent the police from publishing his sister's street address.[3] His request

---

[2] Effective September 1, 2005, article 62.03 was amended and recodified as Tex. Code Crim. Proc. Ann. art. 62.053. The current version of the statute does not provide for publication of an offender's address in any newspaper.

[3] The former Tex. Code Crim. Proc. Ann. art. 62.07 provided:

> A person subject to registration under this chapter may petition the district court for injunctive relief to restrain a local law enforcement authority from publishing notice in a newspaper as required by Article 62.03 or 62.04. The court may issue a temporary restraining order under this article before notice is served and a hearing is held on the matter. After a hearing on the matter, the court may grant any injunctive relief warranted by the facts, including a restraining order or a temporary or permanent injunction, if the person subject to registration under this chapter proves by a preponderance of the evidence specific facts indicating that newspaper

was denied. *Ex parte Burr*, No. X04-03623-I (Crim. Dist. Ct. #2, Dallas Co., Tex. Feb. 26, 2004), *appeal dism'd*, 139 S.W.3d 446 (Tex. App.--Dallas 2004), *pet. filed*, No. PD-1250-04.

While the injunction action was pending on direct appeal, plaintiff alleges that various Grand Prairie police officers, including Sergeant Alan Patton, Sergeant Kenny Lee, Sergeant Patterson, Officer L. Darter, Officer Hickman, and Investigator Paula Ringer, embarked on a campaign to damage, embarrass, humiliate, and defame plaintiff and his family. Among the actions taken by some or all of these officers were publicly referring to plaintiff as a "child molester" and a "baby raper," posting a conspicuous sign at his sister's apartment complex notifying residents that plaintiff was a convicted sex offender, intentionally omitting pertinent information from the publication of his sex offender status in local newspapers, and refusing to intervene after plaintiff was stabbed by a prostitute who was stealing his property.

On July 3, 2005, plaintiff was arrested following his indictment by a Dallas County grand jury on the felony charge of failure to resister as a sex offender.[4] During his six-day incarceration in the Grand Prairie jail, plaintiff alleges that detention officers McDonald, Rodriguez, and Woodside used excessive force against him. According to plaintiff, the officers threatened to shoot him with a taser gun, double-cuffed his hands behind his back, and dragged him through the jail by his neck. One of the officers allegedly slammed plaintiff's head into a concrete wall and jammed his feet while closing a steel door, yelling "this is what happens to baby rapers-child molesters here." Plaintiff maintains that his injuries were so severe that he was taken to Parkland Hospital for

---

publication under Article 62.03 or 62.04 would place the person's health and well-being in immediate danger.

This provision was deleted when the statute was amended and recodified by the Texas legislature. *See* Act of May 27, 2005, 79th Leg., ch. 1008, § 1.01 (eff. Sept. 1, 2005).

[4] At the *Spears* hearing, plaintiff advised the court that he recently pled no contest to the misdemeanor charge of attempted failure to register as a sex offender and was sentenced to time served.

treatment. Upon his release from the hospital, plaintiff states that he was forced to sleep on the floor with no shoes, no blanket, and no medication.

Plaintiff was transferred to the Dallas County jail on July 9, 2005. Since his transfer, plaintiff alleges that he has been denied medical treatment for injuries sustained at the hands of Grand Prairie detention officers. Specifically, plaintiff states that he has not received prescription medication or seen a doctor for his foot injury, "causing bone to come through skin, and left foot to swell up 3-times size normally, for nearly 3 weeks." Plaintiff blames Sheriff Lupe Valdez and Medical Director Steven Bowers for implementing policies and procedures resulting in the lack of adequate medical care. In an unrelated claim, plaintiff contends that he has been denied access to the law library and indigent legal supplies, that the jail has ignored his grievances, and that he does not have enough toothpaste, shampoo, razors, soap, or toilet tissue.

On August 3, 2005, plaintiff filed this lawsuit seeking redress for a litany of complaints related to his arrest, criminal prosecution, and the conditions of his confinement. His claims fall into five broad categories: (1) claims against Tarrant County District Attorney Tim Curry, Assistant District Attorneys Mollee Westfall and Lloyd Welcher, Duncanville Police Officer Wayne Schier, and attorneys Scott Brown and Cheyenne Minick related to his 1998 indictment and subsequent conviction for aggravated sexual assault of a child;[5] (2) claims against Dallas County District Attorney Bill Hill and attorney Russell Wilson II related to his prosecution for failure to register as a sex offender; (3) claims against Sheriff Lupe Valdez and Medical Director Steven Bowers related to the conditions of his confinement in the Dallas County Jail; (4) claims against Grand Prairie

---

[5] Plaintiff made similar claims against some of these defendants in a prior civil rights action filed in the Southern District of Texas. That case was dismissed as frivolous. *Burr v. Caskey*, No. M-03-074 (S.D. Tex. Mar. 31, 2004), *aff'd*, No. 04-40577, 2005 WL 681896 (5th Cir. Mar. 25, 2005).

Police Officers Patton, Lee, Patterson, Darter, Hickman, and Investigator Ringer related to his harassment for being a sex offender; and (5) claims against Grand Prairie Detention Officers McDonald, Rodriguez, and Woodside for use of excessive force following his arrest. By this suit, plaintiff seeks unspecified money damages, injunctive and declaratory relief, and immediate release from custody.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1)   is frivolous or malicious;

(2)   fails to state a claim upon which relief can be granted; or

(3)   seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Plaintiff asserts a variety of claims arising out of his 1998 indictment and subsequent conviction for aggravated sexual assault of a child and his current prosecution for failure to register as a sex offender. Succinctly stated, plaintiff accuses Tarrant County District Attorney Tim Curry, Assistant District Attorneys Mollee Westfall and Lloyd Whelcher, and Duncanville Police Officer Wayne Schier of conspiracy, malicious prosecution, entrapment, and fabricating evidence in his 1998 case. Plaintiff further alleges that his court-appointed lawyers, Scott Brown and Cheyenne Minick, rendered ineffective assistance of counsel. Similar claims are made against Dallas County District Attorney Bill Hill and attorney Russell Wilson II with respect to plaintiff's current prosecution for failure to register as a sex offender.

The court initially observes that state prosecutors, such as Curry, Westfall, Whelcher, and Hill, are immune from suit for actions taken within the scope of their authority. *See Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976). Court-appointed lawyers, such as Brown, Minick, and Wilson, are private citizens who do not act "under color of state law" for purposes of section 1983 liability. *See Polk County v. Dodson*, 454 U.S. 312, 324-25, 102 S.Ct. 445, 453, 70 L.Ed.2d 509 (1981). For these reasons alone, the claims against these defendants should be dismissed as frivolous.

Moreover, a party may not maintain a civil rights action based on the legality of a prior or a pending criminal proceeding unless a state court or a federal habeas court has determined that the terms of confinement are in fact invalid. *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994). The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.*, 114 S.Ct. at 2372. If so, the claim is barred unless the conviction has been reversed or declared invalid. *Id.*; *Hainze v.*

*Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000). Such is the case here. The claims against these defendants necessarily imply the invalidity of plaintiff's conviction for aggravated sexual assault of a child and his pending prosecution for failure to register as a sex offender. No state court or federal habeas court has ever determined that the terms of plaintiff's confinement are invalid. Consequently, he cannot maintain a civil rights action under 42 U.S.C. § 1983.[6]

C.

Plaintiff further alleges that he has been denied adequate medical care, access to the law library and indigent legal supplies, and essential personal hygiene items while incarcerated in the Dallas County jail. The only defendants blamed for these constitutional violations are Sheriff Lupe Valdez and Medical Director Steven Bowers.

It is well-settled that supervisors are not liable for the actions of their subordinates under 42 U.S.C. § 1983. *See Jett v. Dallas Independent School Dist.*, 491 U.S. 701, 736, 109 S.Ct. 2702, 2723, 105 L.Ed.2d 598 (1989). Therefore, in order to sue Valdez and Bowers, plaintiff must show that these defendants: (1) affirmatively participated in acts that caused a constitutional deprivation; or (2) implemented unconstitutional policies that resulted in injury. *See Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992), *cert. denied*, 113 S.Ct. 2443 (1993). It is clear from plaintiff's complaint and interrogatory answers that neither defendant was personally involved in the alleged constitutional deprivations made the basis of this suit. Instead, plaintiff blames Valdez

---

[6] To the extent plaintiff attempts to collaterally attack the validity of his prior conviction and seeks release from custody on the pending criminal charge, his complaint must be construed as an application for writ of habeas corpus under 28 U.S.C. § 2254. However, plaintiff previously sought and was denied a federal writ with respect to his conviction for aggravated sexual assault of a child. *Burr v. Cockrell*, No. 4-02-CV-035-A (N.D. Tex. Jun. 5, 2002), *rec. adopted* (N.D. Tex. Jun. 28, 2002), *COA denied*, No. 02-10802 (5th Cir. Oct. 31, 2002), *cert. denied*, 123 S.Ct. 2078 (2003). Plaintiff cannot seek federal habeas relief with respect to his pending prosecution for failure to register as a sex offender until he exhausts his state remedies. *See Davis v. Anderson*, No. 4-03-CV-0522-Y, 2003 WL 22389281 at *1-2 (N.D. Tex. Sept. 10, 2003), *rec. adopted*, 2003 WL 22387579 (N.D. Tex. Sept. 30, 2003) (citing cases).

and/or Bowers for implementing unconstitutional policies and procedures resulting in the lack of adequate medical care, limited access to the law library and legal supplies, and the insufficient distribution of personal hygiene items.  (*See* Plf. Compl. at 8 & 10; *Spears* Quest. # 6).  Nowhere does plaintiff identify the specific policies alleged to have violated his constitutional rights.  Nor does he allege any facts linking these vague policies to either Valdez or Bowers.[7]  *See Barrow v. Greenville Independent School Dist.*, No. 3-00-CV-0913-D, 2002 WL 628665 at *2 (N.D. Tex. Apr. 18, 2002) (Fitzwater, J.), *citing Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984); *see also Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403-04, 117 S.Ct. 1382, 1388, 137 L.Ed.2d 626 (1997).  Absent such allegations, plaintiff cannot sue these supervisory officials under section 1983.

D.

Plaintiff accuses various Grand Prairie police officers of conspiring to damage, embarrass, humiliate, and defame him and his family.  According to plaintiff, Patton paraded him through the police station while denouncing him as a "child molester" and "baby raper."  Other officers, including Lee, Patterson, and Hickman, referred to plaintiff as a child molester in front of his neighbors and asked the manager of his apartment complex to evict him.  Such verbal harassment on the part of defendants, standing alone, does not rise to the level of a constitutional violation.  *See Fry v. Dretke*, No. 2-03-CV-0397-J, 2005 WL 578447 at *3 (N.D. Tex. Mar. 11, 2005), *citing Bender v. Brumley*, 1 F.3d 271, 274 (5th Cir. 1993).  Nor is the mere use of threatening language or

---

[7] Plaintiff has provided the court with a document signed by Bowers entitled "Methicillin Resistant Straphylococcus Aureus (MSRA) Infections--Basic Personal Hygiene Instructions." (Plf. Compl. at 9).  While this may show that Bowers was responsible for implementing that particular policy, plaintiff has not been diagnosed with an MSRA infection.

gestures actionable under 42 U.S.C. § 1983.  *Id.*, *citing McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 104 S.Ct. 499 (1983).

Plaintiff further alleges that Patton threw a book in his face and grabbed him by the collar during an interrogation session.  However, at the *Spears* hearing, plaintiff conceded that he was not injured as a result of those incidents.  The absence of any physical injury is fatal to his claim under section 1983.  *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) ("physical injury" must be more than *de minimis*, but need not be significant).

Nor has plaintiff stated a claim against Darter and Hickman for failing to intervene after he was stabbed by a prostitute who was stealing his property.  Although the police have a constitutional duty to protect persons in their custody from known risks of serious physical harm, there is no general duty to protect an individual against private violence.  *See DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 195, 109 S.Ct. 998, 1003, 103 L.Ed.2d 249 (1989).  Here, plaintiff was not in police custody at the time he was stabbed.  Nor were the police present when the offense was committed.  Rather, plaintiff criticizes the officers for failing arrest the suspect and not assisting in the return of his property.  Such a claim is not actionable as a matter of law.  *See Althouse v. Hill*, No. 3-02-CV-1263-D, 2002 WL 1750794 at *2 (N.D. Tex. Jul. 25, 2002) (Kaplan, J.), *citing Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (no constitutional right to have someone criminally prosecuted or to investigate alleged criminal wrongdoing).

Plaintiff also sues Paul Ringer, a Grand Prairie police investigator, for notifying local newspapers of his sex offender status and for allowing incomplete information to be placed in his file.  As previously mentioned, the law in effect at the time plaintiff was released from prison

required law enforcement officials to publish an offender's address "in the newspaper of greatest paid circulation in the county in which the person subject to registration intends to reside[.]" Tex. Code Crim. Proc. Ann. art. 62.03(e). That plaintiff asked Ringer not to publish his address pending the outcome of his appeal in the injunction proceeding does not excuse her duty to comply with the statute, much less give rise to a constitutional claim. To the extent plaintiff contends that Ringer placed incomplete information in his police file by failing to disclose that she knew where he lived, such a claim implicates the invalidity of his prosecution for failure to register as a sex offender and is barred by *Heck*. *See Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996) (false arrest claim implicates criminal prosecution where conviction is based on evidence discovered during the arrest).

E.

That leaves plaintiff's excessive force claim against the Grand Prairie detention officers. In order to survive summary dismissal, plaintiff must allege facts which, if proved, establish that: (1) he suffered a significant injury; (2) resulting directly and only from the use of force that was clearly excessive to the need for force; and (3) the force used was objectively unreasonable. *See Goodson v. City of Corpus Christi*, 202 F.3d 730, 740 (5th Cir. 2000). The court must view the totality of circumstances from the standpoint of a reasonable officer on the scene, paying particular attention to "whether the suspect pose[d] an immediate threat to the safety of the officers or others." *Stroik v. Ponseti*, 35 F.3d 155, 157-58 (5th Cir. 1994), *cert. denied*, 115 S.Ct. 1692 (1995), *citing Graham v. Conner*, 490 U.S. 386, 394-95, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989).

In his complaint and interrogatory answers, plaintiff alleges that detention officers McDonald, Rodriguez, and Woodside double-cuffed his hands behind his back and dragged him through the jail by his neck. One of the officers allegedly slammed plaintiff's head into a concrete wall and jammed his feet into a steel door, yelling "this is what happens to baby rapers-child

molesters here." Plaintiff maintains that his injuries were so severe that he was taken to Parkland Hospital for treatment. Without suggesting a view of the merits of plaintiff's claim in another procedural context, such as a motion for summary judgment, the court determines that he has sufficiently stated an excessive force claim against these officers at this stage of the litigation.

## RECOMMENDATION

Plaintiff should be allowed to prosecute his excessive force claim against Grand Prairie Detention Officers McDonald, Rodriguez, and Woodside. All other claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 16, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE