IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD ROGER BURR | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-05-CV-1539-D |
| BILL HILL, ET AL. | § § § | |
| Defendants. | § § | |

### MEMORANDUM ORDER

Defendants McClesky and Rodriguez have filed a motion to dismiss this *pro se* prisoner civil rights action alleging use of excessive force or, in the alternative, to compel plaintiff to file a Rule 7(a) reply to their defense of qualified immunity. For the reasons stated herein, the motion to dismiss should be denied but plaintiff should be required to file a Rule 7(a) reply.

I.

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997), *quoting Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982), *cert. denied*, 103 S.Ct. 729 (1983). A district court may dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The complaint must be liberally construed in favor of the plaintiff and the allegations contained therein must be taken as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

Plaintiff's complaint and interrogatory answers, together with his testimony at the *Spears* hearing held on September 16, 2005, persuaded the court that summary dismissal was not proper. Implicit in that decision was a finding that plaintiff had articulated sufficient facts to survive a motion to dismiss under Rule 12(b)(6). *See* 28 U.S.C. § 1915A(b)(1) (court may summarily dismiss prisoner civil rights action for failure to state a claim upon which relief can be granted). Without suggesting a view of the merits of the arguments presented by defendants in another procedural context, such as a motion for summary judgment, the court concludes that dismissal is not proper at the pleading stage.

II.

Alternatively, defendants seek an order requiring plaintiff to file a Rule 7(a) reply. The Fifth Circuit has held that a district court may order the plaintiff to file a reply pursuant to Fed. R. Civ. P. 7(a) after the defendant raises the issue of qualified immunity in his answer. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995) (en banc). Such a reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Id.* A plaintiff must "support[ ] his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendants' conduct at the time of the alleged acts." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999).

In his complaint and interrogatory answers, plaintiff alleges that McClesky and Rodriguez, along with another detention officer named Woodside,[1] double cuffed his hands and dragged him through the Grand Prairie City Jail by the neck. One of the officers allegedly slammed plaintiff's head into a concrete wall and jammed his feet into a steel door, yelling "this is what happens to baby rapers-child molesters here." Plaintiff maintains that his injuries were so severe that he was taken

---

[1] The court also authorized plaintiff to prosecute his excessive force claim against Woodside. However, a summons issued to that defendant was returned unexecuted.

to Parkland Hospital for treatment.[2] These allegations, if proved, are sufficient to establish that one or more of the detention officers used excessive force against plaintiff. However, it is not clear which defendant or defendants slammed plaintiff's head into the concrete wall or otherwise used excessive force against him. Plaintiff should be required to detail the factual basis of his excessive force claim against each named defendant.

### CONCLUSION

Defendants' motion to dismiss should be denied. However, plaintiff shall file a Rule 7(a) reply by **February 28, 2006.** The reply should be tailored to the assertion of qualified immunity and fairly engage its allegations. Plaintiff must plead *specific facts* to show that the conduct of Defendants McClesky and Rodriguez violated a clearly established constitutional or statutory right of which a reasonable person would have known. Stated differently, plaintiff must specifically plead how the actions of *each defendant* was objectively unreasonable in light of the legal rules clearly established at the time of the incident in question.

SO ORDERED.

DATED: January 31, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Defendants take issue with the finding, as stated by the magistrate judge in his report and recommendation, that plaintiff's trip to the hospital was necessitated by injuries resulting from the use of force. (*See* Def. Mot. at 3, ¶ III). In his complaint, plaintiff alleges that he was rushed to Parkland Hospital some eight hours after the incident at the jail. (Plf. Compl. at 24). Liberally construed, this allegation is more than sufficient to link plaintiff's hospitalization to the use of force by defendants.