IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD ROGER BURR | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1539-D |
| | § | |
| BILL HILL, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendants Michael McClaskey, Domingo Rodriguez, and Brandon Woodside have filed a motion to strike the pleadings of Plaintiff Donald Roger Burr and to dismiss this case with prejudice. For the reasons stated herein, the motion should be granted.

I.

This is a *pro se* civil rights action brought by plaintiff against three Grand Prairie detention officers. Succinctly stated, plaintiff alleges that defendants used excessive force against him during his six-day incarceration in the Grand Prairie City Jail in July 2005.[1] After defendants filed an answer raising the affirmative defense of qualified immunity, the court ordered plaintiff to plead specific facts to overcome the immunity defense in a Rule 7(a) reply. *See* Order 1/31/06. When

---

[1] In his original *pro se* complaint, plaintiff also asserted claims against: (1) Tarrant County prosecutors Tim Curry, Mollee Westfall and Lloyd Welcher, Duncanville Police Officer Wayne Schier, and attorneys Scott Brown and Cheyenne Minick related to his 1998 indictment and conviction for aggravated sexual assault of a child; (2) Dallas County District Attorney Bill Hill and attorney Russell Wilson II related to his prosecution for failure to register as a sex offender; (3) Dallas County Sheriff Lupe Valdez and Jail Medical Director Steven Bowers related to the conditions of his confinement in the Dallas County Jail; and (4) Grand Prairie Police Officers Patton, Lee, Patterson, Darter, Hickman, and Investigator Ringer related to his harassment for being a sex offender. Those claims were dismissed on initial screening. *Burr v. Hill*, No. 3-05-CV-1539-D, 2005 WL 2291891 (N.D. Tex. Sept. 16, 2005), *rec. adopted by* Order, 10/18/05.

plaintiff failed to comply with that order, the court again directed him to file a Rule 7(a) reply tailored to the assertion of qualified immunity.  This time, plaintiff was warned that "the failure to file a [ ] reply may result in the imposition of sanctions, including an order dismissing his claims against these defendants either with or without prejudice."  Order, 3/17/06, *citing* Fed. R. Civ. P. 41(b).  In response to that order, plaintiff filed a motion for appointment of counsel and to stay proceedings, citing his inability to prosecute this action because of injuries sustained in an automobile accident.  The court granted the motion and appointed Renee L. Chafitz, an attorney with the law firm of Strasburger & Price, to represent plaintiff.  *See* Order, 5/3/06.

Less than three weeks after her appointment, Chafitz notified the court that plaintiff had not responded to her letters and failed to return numerous telephone calls.  The court ordered plaintiff to contact his attorney within 10 days, or the appointment would be terminated.  *See* Order, 5/31/06. Evidently, plaintiff complied with this order as Chafitz participated in the preparation of a joint scheduling proposal and filed an amended complaint.  However, in October 2006, Chafitz once again asked the court for help in obtaining the cooperation of her client.  In response to this request, the court issued a second order directing plaintiff to contact his attorney within 10 days.  *See* Order, 10/6/06.  When plaintiff failed to do so, Chafitz filed a motion to withdraw.  As grounds for her motion, Chafitz alleged:

> Counsel initially contacted Mr. Burr through his sister-in-law. However, the sister-in-law has reported that she is no longer in contact with the Plaintiff and could not give any forwarding information.
>
> \* \* \* \*
>
> Counsel has not spoken to or otherwise heard from Mr. Burr in more than two months despite repeated phone calls and letters to him[.]

> Counsel for the Plaintiff cannot proceed with this case without Mr. Burr's participation, including his input and cooperation in signing a medical authorization and providing a deposition.

The court granted the motion, allowed Chafitz to withdraw, and directed the clerk and opposing counsel to communicate with plaintiff at his sister-in-law's address in South Carolina--the same address plaintiff provided to the court in April 2006. *See* Order, 10/23/06.

While plaintiff was represented by Chafitz, defendants served him with written interrogatories and document requests. (*See* Def. App. at 26-31, 32-36, 37-41, 42-46). Defendants also noticed plaintiff for a deposition on November 9, 2006. (*See id.* at 47-48). In its order allowing Chafitz to withdraw, the court directed plaintiff to appear for deposition at the offices of defense counsel on November 9, 2006 at 10:00 a.m. *See* Order, 10/23/06. The court warned plaintiff that "sanctions may be imposed if he fails to appear for this deposition, including an order striking his pleadings and dismissing this case with prejudice." *See id.*, *citing* Fed. R. Civ. P. 16(b) & 37(b)(2)(C). Plaintiff failed to appear for this deposition and has not communicated with the court or defense counsel regarding his absence. (Def. App. at 49-52).

Frustrated by their inability to conduct discovery or prepare for trial, defendants now seek an order striking plaintiff's pleadings and dismissing this case with prejudice. Plaintiff was ordered to file a written response to the motion by December 7, 2006, but has failed to do so. The court therefore considers the motion without a response.

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir.

1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Plaintiff has been warned repeatedly throughout this litigation of the need to cooperate with his attorney and to comply with court orders. At plaintiff's request, the court appointed a lawyer to represent him, only to have that attorney withdraw because she could not locate her client. Plaintiff was well-aware of his obligation to notify the court and opposing counsel of his current address and the consequences of failing to do so. The form 1983 complaint filed by plaintiff states, in pertinent part:

> It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked "NOTICE TO THE COURT OF CHANGE OF ADDRESS" and shall not include any motion(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

(Plf. Compl. at 2). Without this information, the court cannot communicate with plaintiff and this litigation cannot proceed. In addition, plaintiff has not answered written discovery, ignored a court order requiring him to appear for deposition, and did not file a response to the instant motion to dismiss. Such conduct "caps a demonstrated history of intransigence and delay." *Williams v. Frasier*, 96 Fed.Appx. 217, 2004 WL 906521 at *1 (5th Cir. Apr. 28, 2004). An order striking plaintiff's pleadings and dismissing this case with prejudice is clearly warranted under the circumstances. *See Day v. Allstate Insurance Co.*, 788 F.2d 1110, 1113 (5th Cir. 1986) (district

court did not abuse discretion in dismissing lawsuit with prejudice where dismissal came after three warnings).

## RECOMMENDATION

Defendants' motion to strike plaintiff's pleadings and dismiss this case with prejudice [Doc. #86] should be granted.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 14, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE