IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONALD ROGER BURR | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-05-CV-1539-D |
| | § | |
| BILL HILL, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Donald Roger Burr, appearing *pro se*, has filed a pleading entitled "Appeal, Objections to Court's Dismissal With Prejudice of the Above Cause." The court should treat this pleading as a Rule 60(b) motion and deny the relief requested.

I.

The procedural history of this case is set out in *Burr v. Hill*, No. 3-05-CV-1539-D, 2006 WL 3883900 (N.D. Tex. Dec. 14, 2006). Succinctly stated, plaintiff sued various prosecutors, law enforcement officers, private attorneys, and jail employees for civil rights violations related to his 1998 indictment and conviction for aggravated sexual assault of a child and subsequent arrest for failure to register as a sex offender. On initial screening of his *pro se* complaint, the only claim that survived summary dismissal was plaintiff's excessive force claim against three City of Grand Prairie detention officers. *See Burr v. Hill*, No. 3-05-CV-1539-D, 2005 WL 2291891 (N.D. Tex. Sept. 16, 2005), *rec. adopted by* Order, 10/18/05. Defendants answered those allegations, raising the affirmative defense of qualified immunity. Thereafter, the court twice ordered plaintiff to file a Rule 7(a) reply to the immunity defense. Plaintiff failed to comply with these orders. Instead, he

asked the court to appoint a lawyer to represent him and to stay the proceedings until he recovered from injuries sustained in an automobile accident. The court declined to stay the case, but appointed Renee L. Chafitz, an attorney with the law firm of Strasburger & Price, to represent plaintiff. Almost immediately, Chafitz reported that plaintiff had not responded to her letters and failed to return numerous telephone calls. Chafitz later learned that plaintiff, who had been living with his sister-in-law in South Carolina, moved without notifying her of his new address. The inability to communicate with her client forced Chafitz to file a motion to withdraw, which the court granted on October 23, 2006. While represented by counsel, plaintiff failed to answer written interrogatories and document requests. He also failed to appear for a court-ordered deposition on November 9, 2006. Frustrated by their inability to conduct discovery or prepare for trial, defendants filed a motion to strike plaintiff's pleadings and to dismiss this case with prejudice. In granting the motion, the court wrote:

> Plaintiff has been warned repeatedly throughout this litigation of the need to cooperate with this attorney and to comply with court orders. At plaintiff's request, the court appointed a lawyer to represent him, only to have that attorney withdraw because she could not locate her client. Plaintiff was well-aware of his obligation to notify the court and opposing counsel of his current address and the consequences of failing to do so. . . . Without this information, the court cannot communicate with plaintiff and this litigation cannot proceed. In addition, plaintiff has not answered written discovery, ignored a court order requiring him to appear for deposition, and did not file a response to the instant motion to dismiss. Such conduct caps a demonstrated history of intransigence and delay.

*Burr*, 2006 WL 3883900 at *3 (internal citations and quotations omitted). A final judgment was entered on January 9, 2007.

On February 13, 2007, more than 30 days after entry of the judgment, plaintiff filed the instant motion objecting to the dismissal of his case. In support of his motion, plaintiff alleges that he has been unable to prosecute this action or comply with his discovery obligations due to the

"extreme nature" of the injuries he sustained in an automobile accident in November 2005. Plaintiff accuses his former attorney of "show[ing] no interest in [his] current medical problems only in rushing this case forward." (Plf. Mot. at 3). As relief, plaintiff seeks an order vacating the judgment of dismissal, reinstating this case on the docket, and staying the action indefinitely.[1]

II.

Because plaintiff filed this motion more than 10 days after the dismissal of his case, it must be treated as a Rule 60(b) motion for relief from final judgment. *See Dial One of the Mid-South, Inc. v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 606 (5th Cir. 2005)  Under Rule 60(b), a district court may grant relief from a final judgment for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; or (5) a judgment that has been reversed or otherwise vacated. FED. R. CIV. P. 60(b)(1)-(5). The court also may set aside a judgment for "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6). However, relief under this "catch-all" provision is available "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002), *quoting Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 1851 (1996). The burden of establishing at least one of the Rule 60(b) requirements is on the movant, and a determination of whether that burden has been met rests with the discretion of the court. *Lavespere v. Niagra Machinery & Tool Works, Inc.*,

---

[1] Alternatively, plaintiff states that he wants to appeal the judgment and proceed *in forma pauperis* on appeal. Even if the court treats plaintiff's motion as a notice of appeal, such an appeal is untimely. A notice of appeal in a civil action must be filed with the district clerk "within 30 days after the judgment or order appealed from is entered." FED. R. APP. P. 4(a)(1)(A). The judgment in this case was entered on January 9, 2007. However, plaintiff did not file the instant motion until February 13, 2007--more than 30 days later. Although the certificate of service is dated February 7, 2007, plaintiff cannot rely on the "mailbox rule" because he is not incarcerated. *See United States v. Kuebler*, No. 99-60713, 2000 WL 554665 at *1 (5th Cir. Apr. 13, 2000) ("mailbox rule" does not apply to non-prisoner seeking to perfect appeal).

910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc).

Only two provisions of Rule 60(b) are even remotely implicated by plaintiff's motion. First, plaintiff appears to argue that his delay and intransigence should be "excused" because of his medical condition. However, the Supreme Court has held that, at least for purposes of Rule 60(b)(1), "excusable neglect" encompasses situations in which the failure to comply with a court order or deadline is attributable to negligence. The failure to take required action due to circumstances beyond a party's control is not considered "neglect." *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 394, 113 S.Ct. 1489, 1497-98, 123 L.Ed.2d 74 (1993). Here, plaintiff alleges that his medical disabilities, including "head, neck, brain and limb functions, memory loss, [and] blackouts," have prevented him from tending to this case. (*See* Plf. Mot. at 2). These clearly are circumstances beyond plaintiff's control and, thus, do not constitute "excusable neglect." *See Wuliger v. Cohen*, 215 F.R.D. 535, 538 (N.D. Ohio 2003) (failure of defendant to timely file answer due to extreme stress that caused temporary memory loss was not "excusable neglect").

To the extent plaintiff relies on the "catch-all" provision of Rule 60(b)(6), his argument is similarly unavailing. Rule 60(b)(6) is limited to exceptional or extraordinary circumstances. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993) (finding that movant must demonstrate exceptional circumstances proving that enforcement of the judgment would be unjust). No such evidence exists here. In fact, plaintiff offers no evidence whatsoever to support his claims of debilitating injuries and abandonment by his lawyer. *See Moore v. Palacios*, No. C-03-330, 2007 WL 205853 at *3 (S.D. Tex. Jan. 23, 2007) (denying Rule 60(b) motion where movant presented only unsubstantiated and conclusory allegations of fraud by court-appointed counsel). Moreover,

plaintiff fails to explain why he waited so long to advise the court of his current address. Had plaintiff simply communicated with the court or his lawyer, he could have avoided dismissal of this action. His belated attempt to resurrect this case through unsupported allegations about his medical condition and unjustified attacks on his former attorney, who agreed to represent plaintiff as a service to the court, is not an "extraordinary circumstance" justifying relief under Rule 60(b)(6).[2]

### RECOMMENDATION

Plaintiff's "appeal" and "objection" to the dismissal of this case should be treated as a Rule 60(b) motion for relief from final judgment. The motion [Doc. #93] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 15, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff also alleges that he "was not sent time limit to file written objections" to the recommendation dismissing his case. (*See* Plf. Mot. at 2). However, the recommendation issued by the magistrate judge on December 14, 2006 expressly provides that any party may file written objections "within 10 days after being served with a copy." *Burr*, 2006 WL 3883900 at *3.